UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LAMONT COMBS,

                     Petitioner,

v.

UNITED STATES OF AMERICA,

                     Respondent.
_____/

Criminal Case Number 06-20072
Civil Case Number 08-10911
Honorable David M. Lawson

## **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

Petitioner Kevin Lamont Combs was convicted on his plea of guilty of conspiracy to distribute five grams or more of cocaine base. The plea was made under an agreement that provided in part that the sentence would not exceed the maximum term of the applicable Sentencing Guideline range, which the parties predicted would be 140 to 175 months. However, unbeknownst to the attorneys at the time, the petitioner had additional criminal history that triggered another provision of the plea agreement that increased the agreed sentencing "cap" to a range of 151 to 188 months. In addition, the statutory minimum sentence for the crime was increased to 120 months because Combs had a prior felony drug conviction. At the sentencing hearing, Combs orally moved to withdraw his guilty plea, and the Court denied the motion. Combs was sentenced on October 26, 2006 to 160 months in custody, to be followed by a term of supervised release. He filed a notice of appeal, but later withdrew it.

Now before the Court is the petitioner's motion to vacate the sentence pursuant to 28 U.S.C. § 2255, in which he alleges that (1) he received ineffective assistance of counsel, (2) his sentence should be reduced under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, (3) his prior conviction does not qualify as a felony drug conviction that triggers the sentence enhancement, (4) the presentence

investigation report incorrectly assigned the defendant two criminal history points for an impaired driving sentence and another two for a driving under the influence sentence, and (5) he should have substitute counsel. The government has filed a response in opposition.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Two of the petitioner's arguments can be easily disposed of quickly. He requests a reduction in his sentence under 18 U.S.C. § 3582(c)(2), but that request is the subject of two other motions he has filed, and need not be resolved here. In fact, the Court reduced Combs's sentence on November 3, 2009 to 140 months. Combs also requests a new attorney. However, his prior attorney, Deputy Federal Defender Kenneth Sasse, is not representing him presently, and the petitioner is not entitled to counsel in this proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Early v. Lamanna*, 182 F.3d 917, 1999 WL 435156, at *4 (6th Cir. Jun. 17, 1999) (unpublished).

The petitioner's third and fourth arguments appear to challenge the validity of his sentence. "Normally, sentencing challenges must be made on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). The petitioner did not raise the present challenges on direct appeal. However, viewed in context, it is clear that the petitioner actually is criticizing his attorney's performance in the remaining arguments.

A claim that "cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance." *Weinberger*,

268 F.3d at 351. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. "A failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment

standards for effective assistance of counsel." *Arredondo v. United States*, 178 F.3d 778, 788 (6th Cir. 1999).

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). The first prong of the test remains the same. *Ibid.* However, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*; *Carter*, 918 F.2d at 1200; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

The petitioner's first argument is that his attorney erred by encouraging him to plead guilty to conspiracy, when in fact he was not guilty of that crime. It appears that the petitioner relies on the mistaken assumption that conspiracy to commit a crime carries a heightened sentence. *See* Mot. at 5 ("Kenneth Sasse's performance was deficient because he did not negotiate with [assistant United States attorney] James Mitchell, to obtain a plea agreement which would have allowed a plea to a lesser more substantive offense and by failing to argue at the plea hearing and sentencing that Kevin Lamont Combs was not guilty of conspiracy. If the plea agreement was to a lesser offense, then 21 U.S.C. 851 could not apply, Kevin Lamont Combs would have been exposed to a lesser sentence."). This is not the case. The conspiracy statute provides that anyone convicted of conspiracy "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. The same is true for the guidelines scoring, which looks to the object of the conspiracy and awards no extra

points for simply being in a conspiracy. *See* USSG § 2D1.1 (2005).  The mere fact that he was convicted for conspiracy instead of distribution does not alter his penalties.

Perhaps the petitioner contends that his attorney should have obtained a more favorable plea agreement by negotiating a plea to a lesser charge.  Being unhappy with the outcome is not, in itself, grounds for an ineffective assistance of counsel claim.

Next, the petitioner argues that his sentence should not have been enhanced based on his prior federal conviction for use of an interstate communications facility to facilitate a drug crime. The petitioner's mandatory minimum sentence in this case was increased to 120 months because the Court found that he committed the violation "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B).  The term "felony drug offense" is defined by the statute to mean "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

The petitioner argues that his conviction under 21 U.S.C. § 843 for use of a communication facility to facilitate a drug crime does not qualify as a felony drug offense, and his attorney rendered deficient performance by not objecting to the penalty enhancement.  The statute under which the petitioner was convicted in 2003 provides:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter.

21 U.S.C. § 843(b).  "In order to sustain a conviction under section 843(b), the government thus must prove three formal elements: (1) a knowing or intentional (2) use of a communication facility (3) to facilitate the commission of a drug offense.  This third element, however, contains the further

-5-

requirement that the government prove the commission of the underlying substantive drug offense." *United States v. Dotson*, 871 F.2d 1318, 1321 (6th Cir. 1989) (citations omitted), *amended by* 895 F.2d 263 (6th Cir. 1990). It is apparent that in order to be convicted under this statute, one much engage in "conduct relating to narcotic drugs." *See* 21 U.S.C. § 802(44). The maximum penalty is up to four years — over the one year threshold that makes a crime a felony within the meaning of the Controlled Substances Act. *See* 21 U.S.C. § 843(d).

In light of the clear language in section 843, all circuits that have considered the question have rejected the petitioner's argument that a conviction under section 843(b) is not a prior felony drug offense. *United States v. Martinez*, 182 F.3d 1107, 1113 (9th Cir. 1999); *United States v. Mankins*, 135 F.3d 946, 949 (5th Cir. 1998); *United States v. Karam*, 37 F.3d 1280, 1289 (8th Cir. 1994); *see also United States v. Zuniga-Guerrero*, 460 F.3d 733, 739 (6th Cir. 2006) (holding that a conviction under section 843(b) constitutes a "drug trafficking offense" for purposes of USSG § 2L1.2). It was not deficient error for the petitioner's attorney to reach this conclusion as well.

Additionally, the petitioner has not shown prejudice. The Court sentenced him to 160 months — well above the statutory minimum. Even if his attorney had objected successfully to the applicability of a mandatory minimum, the petitioner has shown no reasonable probability that the Court would have sentenced him to a custody term less than 120 months.

The petitioner also appears to raise a challenge to the constitutionality of enhancing his sentence, citing *Shepard v. United States*, 544 U.S. 13, 25 (2005). *Shepard* restricts the methods that may be used to determine whether a prior conviction qualifies as a sentencing enhancement. However, the Court merely consulted the statute in order to decide that the prior conviction enhanced the mandatory minimum sentence. That practice is consistent with *Shepard*. *United*

*States v. Higgins*, 557 F.3d 381, 398-99 (6th Cir. 2009) (holding that there was no violation of *Shepard* because the court "could determine that these convictions were felony drug offenses for the purposes of § 841 based solely on the statutory definition[] of the crime[]"). There is no merit to this claim.

Finally, the petitioner argues that his convictions and sentences for drunk driving in 2003 and 2005 should not have added points to his criminal history score.

Section 4A1.1(b) of the Sentencing Guideline Manual instructs courts to "[a]dd **2** points for each prior sentence of imprisonment of at least sixty days." USSG § 4A1.1(b) (2005). The presentence investigation report states that the petitioner was sentenced to eleven months imprisonment for the 2003 conviction, and sixty months in custody for the 2005 conviction. Because the petitioner received a sentence "of imprisonment of at least sixty days," USSG § 4A1.1(b) (2005), the addition of two points for each conviction was appropriate.

The petitioner received an additional two points under section 4A1.1(e), which instructs courts to "[a]dd **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) . . . ." USSG § 4A1.1(e) (2005). The petitioner's latest sentence was handed down by the state court in June of 2005, and the offense of conviction occurred in late 2005 — less than two years after his release from custody.

It is unclear on what basis the petitioner challenges the computation of his criminal history points. He cites *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2005), and *United States v. Amos*, 501 F.3d 524 (6th Cir. 2007), in support of his position. These cases have no relevance to the question presented. *Leocal* dealt with the interpretation of "crime of violence" under the Immigration and Nationality Act, and *Amos* dealt with the interpretation of "violent felony" under a guidelines section unrelated

to the petitioner's sentence. The petitioner's criminal history score was calculated properly, and his attorney did not err by not objecting.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt #30] is **DENIED**.

                                                           s/David M. Lawson
                                                           DAVID M. LAWSON
                                                           United States District Judge

Dated: March 31, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2011.

                                      s/Deborah R. Tofil
                                      DEBORAH R. TOFIL